IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN THE MATTER OF: | : | |
| JOSEPH A. STRAUB, | : | CIVIL ACTION |
| Appellant. | : | No. 14-6544 |
| | : | |

**Jones, II    J.**                                                                                           **July 13, 2015**

## MEMORANDUM

Joseph A. Straub ("Appellant") appeals the decision of the Bankruptcy Court for the Eastern District of Pennsylvania (Richard E. Fehling, C.J.) in favor of the Dan Acevedo, et al. (collectively "Appellees"). *See In re Straub*, No. 11-22174, 2014 WL 2506297 (Bankr. E.D. Pa. 2014). Upon consideration of Appellant's Brief, (Dkt No. 4, [hereinafter Appellant Br.]), and Appellees' Brief, (Dkt No. 12 [hereinafter Appellee Br.]), the Court hereby affirms the Order of the Honorable Richard E. Fehling, dated June 3, 2014.

### I.     Standard of Review

This Court has jurisdiction over the bankruptcy appeal pursuant to 28 U.S.C. § 158(a)(1). "[T]he findings of fact made by the bankruptcy court may be reversed only for clear error." *In re Nelson Co.*, 959 F.2d 1260, 1263 (3d Cir. 1992) (citing *Brown v. Pa. State Employees Credit Union*, 851 F.2d 81, 84 (3d Cir. 1998)); *see also* Fed. R. Bankr. P. 8013. The court "exercise[s] plenary review of the legal standard applied by the… [B]ankruptcy [C]ourt[]." *In re Abbotts Dairies of Pa., Inc.*, 788 F.2d 143, 147 (3d Cir. 1986) (citing *Universal Minerals v. C.A. Hughes & Co.*, 669 F.2d 98, 103 (3d Cir. 1981)).

### II.    Background

On December 29, 2005, a class of five named persons, employees of Appellant, filed a class action on behalf of themselves and others similarly situated against Appellant and others, in

the Court of Common Pleas of Northampton County, docketed at *Tam v. Straub*, Civil Action No. 2005-9482. (Dkt No. 4, App'x 1 [hereinafter Class Action Compl.] at A2-22; Dkt No. 4, App'x 2 [hereinafter Bankr. Ct. FOF] ¶ A1.) On January 18, 2007, the Northampton County Court granted the class action plaintiffs' motion for class certification and certified the five named employees as class representatives. (Bankr. Ct. FOF ¶ A2.) There were approximately seventy-one unnamed class members. (Bankr. Ct. FOF ¶ A4.)[1]

In anticipation of the class action case, David Jones, one of five named class representatives contracted the services of Vincent A. Coppola, Esq. (Dkt No. 4, App'x 1 [hereinafter Emp. Contract] at A23-24.)[2] The specific language of the fee agreement between Mr. Coppola and Mr. Jones reads:

> [The client] agree[s] to pay an attorney fee of 40% of whatever recovery [Counsel for Plaintiffs] is able to obtain on my behalf from any responsible party and/or insurance company. In consideration thereof, Mr. Coppola agrees to litigate this matter to verdict, if necessary and to file and pursue any and all appeals that we may direct be filed in the aftermath of such litigation. Such consideration also includes responding to any and all appeals that may be filed by other parties in the aftermath of such litigation. Accordingly, the state consideration includes all appellate functions that may be necessary in the aftermath of successful or unsuccessful litigation at the trial court level…
>
> Other than those services and claims specified herein, this agreement pertains to no other claims or causes of action, which must be addressed under a separate contract in the event I request that such services be rendered.

(Dkt No. 4, App'x 1 [hereinafter Emp. Contract] at A23-24.) The Northampton County Court ordered that Mr. Coppola serve as class counsel. (Bankr. Ct. FOF ¶ A2 n. 4; Dkt No. 4, App'x 1 at A25-50.)

---

[1] The parties do not dispute that seventeen Appellees did not receive notice of the Northampton County class action lawsuit pursuant to Pa. R. Civ. P. 1712. (Appellee Br. at 19-21.)

[2] There was no fee agreement between Mr. Coppola and any of the unnamed class members. However, the Northampton County Court certified the five named class members as class representatives and Mr. Coppola as class counsel. Thus, the fee agreement governs the relationship between Mr. Coppola and the unnamed class members.

On March 2, 2010, a jury returned a liability verdict against Appellant, finding that Appellant committed fraud, deceit, and misrepresentation when he underpaid his employees. (Bankr. Ct. FOF ¶ A13.) On December 10, 2010, the Northampton County Court entered a damages verdict of $635,278.23. (Bankr. Ct. FOF ¶ A5.) On January 7, 2011, the Northampton County Court entered the judgment. (Bankr. Ct. FOF ¶ A7.) On March 10, 2011, Mr. Coppola petitioned the Northampton County Court for an additional award of fees and expenses. (Bankr. Ct. FOF ¶ A8.) By May 5, 2011, the Northampton County Court entered an additional verdict for attorneys' fees and costs in the amount of $307,007.39. The total class action judgment stands at $942,130.53. (Bankr. Ct. FOF ¶ A9.)

Following the jury's liability verdict, but prior to the Northampton County Court's award of damages, Appellant filed for bankruptcy.

On January 6, 2011, Mr. Coppola filed a claim on behalf of "Victor Berkey," a named class member, against Appellant's former co-Defendants in a matter related to the class action against Appellant in the Court of Common Pleas in Lehigh County. (Dkt No. 4, App'x 1 at A 57-68; Bankr. Ct. FOF ¶ A6.) Mr. Coppola never filed a motion for class certification in the Lehigh County case.

On August 16, 2011, an involuntary bankruptcy was filed against Appellant by Mr. Coppola on behalf of three of the named class members in the Eastern District of Pennsylvania Bankruptcy Court. (Appellant Br. at 5; Bankr. Ct. FOF ¶ B1.) On February 3, 2012, Appellant filed his Schedule F, listing all five named class members and Mr. Coppola's name and address. (Bankr Ct. FOF ¶ B2.) By April 4, 2012, the Bankruptcy Court set a "last day to oppose discharge or dischargeability" as July 17, 2012. (Appellant. Br. at 5; Bankr. Ct. FOF ¶ B3.)

On May 30, 2012, Mr. Coppola filed a Petition to apply recovery to recoup expenses in the Northampton County Court against Appellant. (Dkt No. 4, Ex. 4 at A51-56; Bankr. Ct. FOF ¶ A11.) That same day, the Northampton County Court granted Mr. Coppola's petition. (Bankr. Ct. FOF ¶ A12.)

By July 17, 2012, no member of the class, named or unnamed, filed a complaint objecting to the dischargeability of the debt owed to them by Appellant. (Appellant. Br.at 5; Bankr. Ct. FOF ¶ B5.) On September 17, 2012, the Bankruptcy Court discharged the debts owed to the class pursuant to Section 727 of the Bankruptcy Code. (Appellant. Br. at 5; Bankr. Ct. FOF ¶ B6.)

On September 19, 2015, Mr. Coppola filed an adversary action with the Bankruptcy Court objecting to the discharge of this debt, on behalf of the unnamed members of the class. (Appellant. Br. at 5; Bankr. Ct. FOF ¶ B7.) The named class members were not at issue in that adversary action. (Bankr. Ct. FOF ¶ B8.)

Appellant filed a motion to dismiss the adversary action, which the Court denied. (Appellant. Br. at 5; Bankr. Ct. FOF ¶ B9.) A hearing on the matter was heard before the Honorable Richard E. Fehling. (Appellant. Br. at 5; transcript available at Dkt No. 4, App'x 2 [hereinafter Class Action MTD Hrg] at A69-100.) This motion was denied. (Class Action MTD Hrg at A97, 29:17-19; Bankr. Ct. FOF ¶ B9.)  Following discovery, both parties filed motions for summary judgment. (Appellant. Br. at 5; Bankr. Ct. FOF ¶ B10.) Both motions were denied. (Appellant Br. at 5; Bankr. Ct. FOF ¶ B10.) A trial was held before Judge Fehling on November 25, 2013. (Appellant. Br. at 5; Bankr. Ct. FOF ¶ B11.) The sole issue at trial was whether or not the adversary proceeding complaint was timely filed. (Bankr. Ct. FOF ¶ B11.)[3]

---

[3] Appellant did not and does not contest that the debt owed to the class is nondischargeable under 11 U.S.C § 532(a).

By opinion and Order dated June 3, 2014, Judge Fehling held in favor of the class and against Appellant. (Appellant. Br. at 5-6; Bankr. Ct. at A101-21.) The Bankruptcy Court found that the members of the class had not received proper notice of the "last day" they could request nondischargeability; thus, their late filing of nondischargeability was allowed.

On November 13, 2014, Appellant appealed the Bankruptcy Court's decision about the nondischargeability. (Dkt No. 1.)[4]

### III.    Discussion

A debtor may discharge all debts that were the personal liability of the debtor. 11 U.S.C. § 524(a)(1). The debtor cannot be discharged of debt that is neither listed nor scheduled. *Id.* at §523(a)(3). However, the debt may be discharged if the creditor had "notice or actual knowledge" of the impending discharge and failed to object. *Id.* at § 523(a)(3)(A). The issue before the Court is whether notice to Mr. Coppola was sufficient to fulfill the listing or knowledge requirement for the unnamed class members. The Court finds that notice to Mr. Coppola was insufficient.

As a general rule, "notice served upon counsel satisfies any requirement to give notice to the party. *Linder v. Trump's Castle Associates*, 155 B.R. 102, 104 (D.N.J. 1993) (citing *Irwin v. Dept. of Veterans Affairs.*, 498 U.S. 89, 92 (1990)). However, "an attorney given notice of the bankruptcy on behalf of a particular client is not called upon to review all of his or her files to ascertain whether any other client may also have a claim against the bankrupt." *Maldonado v. Ramirez*, 757 F.2d 48, 51 (3d Cir. 1985). Further, "an attorney's representation of a party in one

---

[4] In a separate case before this Court this year, *In the Matter of Joseph A. Straub, Debtor*, Civil Action No. 14-6607,  2015 WL 1279510 (E.D. Pa. 2015), the unnamed class members argued that Appellant should not have been allowed to bring this appeal before this Court. In the referenced opinion, this Court ruled that it was appropriate for the Court to hear this appeal. This Court placed this case into suspense pending the outcome of this other appeal. Once this Court determined that Appellant had a right to appeal, this Court took this case out of suspense.

action does not make the attorney an agent for the party in an unrelated case between the same parties." *Id.* at 51 (citing *Schultz v. Schultz*, 436 F.2d 635 (7th Cir. 1971)).

Thus, the Court must analyze whether or not Mr. Coppola was serving as the unnamed class members' counsel at the time of the filing of notice, or whether his representation of the unnamed class members had ceased, thus making the bankruptcy filing an "unrelated case between the same parties."

The terms of the fee agreement show that Mr. Coppola's contractual relationship with the unnamed members of the class action had ceased at the time of the filing of the notice. The fee agreement establishes that Mr. Coppola would represent the class "to verdict" and on "any and all appeals that we may direct be filed in the aftermath of such litigation" in return for a percentage of the "recovery…obtain[ed]." (Emp. Contract at A23-24.) In the class action case, a jury returned a liability verdict on March 2, 2010, and the Court entered a final verdict as to judgment on May 5, 2011. (Bankr. Ct. FOF ¶¶ A13, A9.) No appeal was taken. Thus, the final verdict occurred roughly one year before Mr. Coppola received notice in the bankruptcy case on April 4, 2012. (Bankr. Ct. FOF ¶ B3.)

The only other term in the fee agreement referring to the termination of the contract is the reference to counsel's payment. The fee agreement states that counsel will receive a percentage of the "recovery…obtain[ed]." Emp. Contract at A23-24.) The reference to recovery does not impact the contract's language clarifying that Mr. Coppola's representation would cease upon "verdict" or appeal. The fee agreement does not say that Mr. Coppola will represent the parties "to recovery." The fee agreement also does not say that the "recovery obtain[ed]" must be so obtained through the work of Mr. Coppola. The Court finds no ambiguity on the face of the fee

6

agreement.[5] The fee agreement clearly states that Mr. Coppola will "litigate this matter to verdict," absent any appeals that the class may direct Mr. Coppola to make. (Emp. Contract at A23-24). Once judgment was awarded to the class and no appeal of that judgment was filed, Mr. Coppola's contemplated services under that contract were satisfied in full.

Further, Mr. Coppola was not representing the unnamed class members in any new suit following the verdict. Appellant argues that Mr. Coppola was representing the unnamed class members in both the case in the Court of Common Pleas in Lehigh County and in the involuntary bankruptcy case. The Court finds that he was not.

First, Mr. Coppola filed the case in Lehigh County on behalf of named class member "Victor Berkey" and others similarly situated. However, Mr. Coppola never moved for class certification. Thus, the unnamed class members were never part of that case, and therefore, Mr. Coppola never represented their interests in that case.

Second, Mr. Coppola was not representing the unnamed class members when he filed the involuntary bankruptcy action against Appellant. Appellant argues that Mr. Coppola's testimony shows that Mr. Coppola "believed when he filed the proofs of claims…that he in fact was representing the interests of the entire class." (Appellant Br. at 10.) In support of this contention, Appellant points to the fact that Mr. Coppola initially filed the entire amount of the class-action debt in the involuntary bankruptcy claim. (Appellant Br. at 10.) Even if Mr. Coppola's subjective understanding when he filed the involuntary bankruptcy action was that he was representing the unnamed class members, such subjective understanding does not change the fact that,

---

[5] The Court further notes, assuming, *arguendo*, that the contract is ambiguous—and it is not—there is no evidence from deposition testimony that the unnamed class members reasonably believed that the representation went past verdict. When there is ambiguity, "the client's reasonable understanding of the scope of the representation controls." RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS § 31 cmt. h (1998).The Court agrees with the Bankruptcy Court that any finding that the unnamed class members believed that the representation went beyond verdict and appeal would be "nothing more than conjecture and speculation." *In re Straub*, 2014 WL 2506297, at *6.

contractually, he was not. The notice requirement is meant to protect the unnamed class members. Such members had no existing contract with Mr. Coppola. Mr. Coppola and the unnamed class members had not instituted a new contract. The Court must look at whether Mr. Coppola was in fact their representative, not whether Mr. Coppola believed himself to be their representative. The unnamed class members' right to notice cannot be mitigated by the subjective belief of a person who was not contractually their attorney. Given that the Court has already held that Mr. Coppola's contract with the unnamed parties had ceased at the time of the filing of the involuntary bankruptcy action, the Court cannot find that Mr. Coppola was serving as the representative of the unnamed class members during the involuntary bankruptcy.

Mr. Coppola was not serving as counsel for the unnamed class members at the time that he received notice of the deadline by which any creditors had to oppose the dischargeability of Appellant's debts. Notice to Mr. Coppola did not constitute notice to the unnamed class members. *Maldonado*, 757 F.2d at 51. Without proper notice or actual knowledge imputed, Appellees were not required to comply with the previous discharge deadline. Appellees' Complaint with the Bankruptcy Court was filed in a timely fashion.

### IV.    Conclusion

The Court **AFFIRMS** the decision of the Bankruptcy Court for the Eastern District of Pennsylvania.